**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAMES THOENE,

    Plaintiff,

v.                                                 Case No. 8:22-cv-2726-TPB-TGW

AMERICAN SECURITY
INSURANCE COMPANY,

    Defendants.
_____/

**ORDER REMANDING CASE**

Upon a *sua sponte* review of the record, it appeared unclear whether the amount in controversy in this diversity case satisfied the $75,000 jurisdictional threshold required for removal. Consequently, on February 22, 2023, the Court directed the parties to file a joint brief addressing this issue. (Doc. 18). Defendant filed a brief on March 7, 2023. (Doc. 21). Following further direction from the Court, Plaintiff filed a brief on March 23, 2023. (Docs. 22; 23). After reviewing the briefs, court file, and record, the Court finds the case is due to be remanded due to lack of subject matter jurisdiction.

**Background**

On November 1, 2022, Plaintiff James Thoene filed this case in the Circuit Court for Sarasota County, Florida, asserting a claim for breach of contract against Defendant American Surety Insurance Company. Plaintiff alleged he had an insurance policy issued by Defendant, suffered a property loss, and submitted a

timely claim, but Defendant failed "to properly pay the full amount of insurance proceeds owed to Plaintiff" and failed "to provide complete coverage." With respect to the amount in controversy, the complaint alleged only that it exceeded $30,000, exclusive of interest and costs.

On November 30, 2022, Defendant removed the action to this Court, based on diversity of citizenship. (Doc. 1). With respect to the amount in controversy, the removal notice attached and referred to a document that appears to be a repair estimate created on September 12, 2022, by persons unknown, showing a total of $96,458.24. (Doc. 1-7). Defendant asserted the amount in controversy requirement was therefore met. However, the removal notice attached no correspondence, affidavit, or other explanatory material with respect to this document. The notice stated that Plaintiff provided the document to Defendant, and while the notice suggested Plaintiff made a demand for this amount, it did not expressly assert that was the case. That ambiguity, coupled with Plaintiff's allegation that Defendant had failed to pay the "full amount," led the Court to question the actual amount in controversy.

Defendant's supplemental brief on jurisdiction fails to clarify matters. Defendant once again refers to the estimate, this time identifying the document as being "from Plaintiff's adjuster," and states that "Plaintiff also made a demand to American Security based on Plaintiff's [e]stimate shortly before this lawsuit was filed." While Defendant asserts the demand was "based on" the estimate,

Defendant nowhere describes or attaches the actual demand, specifically identifies its amount, or states that Plaintiff demanded the entire amount shown in the estimate. Plaintiff denies that he is relying on the estimate in this litigation.

## **Legal Standard**

Federal courts, as courts of limited jurisdiction, have an obligation to inquire into their subject matter jurisdiction. *See, e.g., Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

28 U.S.C. § 1441(a) allows a defendant to remove a civil action to federal court when the case is within the federal court's original jurisdiction. Removal statutes are strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). The removing defendant must establish federal jurisdiction. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008). Any doubt as to the propriety of removal must be resolved in favor of remand. *Univ. of S. Ala..*, 168 F.3d at 411; *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).[1]

---

[1] Fifth Circuit cases decided before October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

## Analysis

Under 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over all civil actions where (1) the parties are completely diverse and (2) the amount in controversy exceeds $75,000. When the amount in controversy supporting diversity jurisdiction is questioned, "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014).

Upon consideration of the record, the Court concludes that Defendant, after having been given a fair opportunity to do so, has failed to establish the amount in controversy by a preponderance of the evidence. Plaintiff's complaint suggests that Defendant has paid Plaintiff some insurance proceeds, but not the full amount Plaintiff claims is owed. Defendant points to an estimate prepared by persons unknown, but there is no evidence showing what relationship, if any, that estimate may have to the amount of Plaintiff's actual demand or the amount in controversy at the time suit was filed. There is no clear assertion by Defendant that Plaintiff has demanded the entire amount of the estimate. Plaintiff, for his part, denies that he is relying or has ever relied on that estimate in this litigation. Because Defendant has failed to establish the amount in controversy, this case is due to be remanded to state court for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This action is **REMANDED** to state court for lack of subject matter jurisdiction.

(2) Once remand is effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 26th day of May, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**